David A. Berstein (State Bar No. 204472)
J. R. Dimuzio (State Bar No. 299803)
Kia Mojabe (State Bar No. 336063)
BERSTEIN LAW PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
Telephone:  949.783.4210
Email: *david@bersteinlaw.com; jr@bersteinlaw.com; kia@bersteinlaw.com*

Attorneys for Plaintiff PETUNIA PRODUCTS, INC.

Alyssa Caridis
ORRICK HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
Email(s): *acaridis@orrick.com*

Brian N. Platt
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Email(s): *BPlatt@wnlaw.com*

Attorneys for The Giddyup Group, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| PETUNIA PRODUCTS, INC., doing business as BILLION DOLLAR BROWS, a California corporation,<br><br>  Plaintiff,<br>v.<br><br>KEYNAUT EPIGENETICS S.L., dba FOREVER IDEAL and DOES 1-20,<br><br>  Defendants. | Case No. 8:23-cv-00048-JWH-KES<br>Hon. John W. Holcomb<br><br>**STIPULATED PROTECTIVE ORDER** |

**TO THE COURT:** Plaintiff PETUNIA PRODUCTS, INC. ("Plaintiff") and non-party THE GIDDYUP GROUP, INC. ("GiddyUp"), by and through their counsel, hereby stipulate to the entry of a Protective Order to govern the production of documents by GiddyUp in response to a Subpoena to Produce Documents, Information, or Objects in a Civil Action served on GiddyUp on May 30, 2023. Plaintiff and GiddyUp are collectively referred to herein as the "Parties."

## 1. PURPOSE AND LIMITS OF THIS ORDER.

Discovery in this action is likely to involve production of confidential, proprietary, or privileged information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The Parties further acknowledge this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.1    <u>Good Cause Statement</u>. This action is likely to involve information about sales, customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or

which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and nothing be so designated without a good faith belief it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. **DEFINITIONS.**

2.1   Action:  this pending federal action, *Petunia Products, Inc. v. Keynaut Epigenetics S.L. dba Forever Ideal*, Case No. 8:23-cv-00048-JWH-KES.

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   **"CONFIDENTIAL"** Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party:  a Party or Non-Party that designates Disclosure or Discovery Materials that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

2.6   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.8    **"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"** Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    2.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

    2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

    2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

    2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."**

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE.**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. **DURATION.**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

5. **DESIGNATING PROTECTED MATERIAL.**

5.1 Over-Designation Prohibited. Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to the Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires the following:

5.2.1  For information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"** to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

5.2.2  A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all material made available for inspection must be treated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."**  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof,

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"** legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

5.2.3  For testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition.

5.2.4 For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."** If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1   <u>Who May Challenge Confidentiality Designations</u>. Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2   <u>Method for Challenging Confidentiality Designations</u>.  The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3 <u>The burden of persuasion in any such proceeding is on the Designating Party</u>. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2 <u>Disclosure of **"CONFIDENTIAL"** Material Without Further Approval</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated **"CONFIDENTIAL"** only to the following people:

7.2.1 The Receiving Party's Outside Counsel of Record in this Action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

7.2.2 The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

       7.2.3  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       7.2.4  The Court and its personnel;

       7.2.5  Court reporters and their staff;

       7.2.6 Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       7.2.7 The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

       7.2.8  During their depositions, witnesses, and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as **Exhibit "A"** hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions which reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

       7.2.9 Any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

       7.3    Disclosure of **"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"** Material Without Further Approval. Unless permitted in writing by the designator, a receiving party may disclose material designated **"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"** without further approval only to:

    7.3.1 The receiving party's Outside Counsel of Record in this action and employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

    7.3.2 Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    7.3.3 The Court and its personnel;

    7.3.4 Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

    7.3.5 The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

  8.1 <u>Subpoenas and Court Orders, Notice</u>.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as **"CONFIDENTIAL,"** that Party must:

    8.1.1 Promptly notify in writing the Designating Party.  Such notification must include a copy of the subpoena or court order unless prohibited by law;

    8.1.2 Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification must include a copy of this Order; and

    8.1.3 Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  8.2 <u>Wait for Resolution of the Protective Order</u>.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as **"CONFIDENTIAL"** before a

determination on the request for a protective order by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

/ / /

/ / /

## 11. MISCELLANEOUS.

11.1 <u>Modification</u>.  Nothing in this Order abridges the right of any person or entity to seek its modification by the Court.

11.2 <u>Waiver</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.3 <u>Filing Under Seal</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 12. FINAL DISPOSITION.

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline which identifies (by category, when appropriate) all the Protected Material returned or destroyed and affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work

product; and consultant and expert work product even if such materials contain Protected Material. Any such archival copies which contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

13. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 5, 2023          By: /s/ David A. Berstein

David Berstein

Attorney for Plaintiff Petunia Products, Inc. dba Billion Dollar Brows

Dated: June 16, 2023         By: Alyssa Caridis

Alyssa Caridis

Attorney for The Giddyup Group, Inc.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: July 7, 2023          Karen E. Scott

HONORABLE KAREN E. SCOTT
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Petunia Products, Inc. v. Keynaut Epigenetics S.L dba Forever Ideal.*, Case No. 8:23-cv-00048-JWH-KES.

    I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise I will not disclose in any manner any information or item subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

    I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____